UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**COLONNA'S SHIPYARD, INC.,**

        **Plaintiff,**

v.                                           Civil No. 2:22cv395

**COASTAL CEMENT CORPORATION,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on a partial motion to dismiss filed by Defendant, Coastal Cement Corporation ("Coastal"), pursuant to Rule 12(b)(6). ECF No. 23. Because the facts and legal questions are adequately presented in the motion and subsequent briefs, and oral argument would not aid in the decisional process, the Court finds that a hearing is unnecessary. For the reasons explained herein, the Court **GRANTS** Coastal's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Colonna's Shipyard, Inc. ("Colonna's") provides maintenance, repair, and fabrication services to customers in the maritime industry, including Coastal. ECF No. 1 ¶¶ 6-8. In February 2022, Colonna's and Coastal entered into a "Vessel Repair/Project Agreement" (the "Agreement") whereby Colonna's was to perform various repairs on a vessel owned by Coastal (the "Vessel"). Id. ¶ 8. The scope of the repairs included, but was not limited to, converting the Vessel into a "ship unloading barge"

and performing associated American Bureau of Shipping "surveys." Id. ¶ 9. In accordance with the Agreement, Colonna's alleges that it performed the agreed-upon services from February 2022 to July 2022. Id. ¶ 10.

Prior to the completion of the repairs and before the Vessel was returned to Coastal, a dispute arose among the parties about the scope of the work performed, and the amount that Coastal owed Colonna's. Id. ¶ 23. Specifically, Coastal contested certain additional work performed by Colonna's which Colonna's deemed to be necessary in order to convert the Vessel to Coastal's specifications. Id. Thereafter, the parties reached an agreement ("Amendment No. 1") on a partial payment for the additional repairs and a payment schedule for any future payments. Id. ¶¶ 24-25.[1] The terms of Amendment No. 1 expressly stated that Colonna's would deliver the Vessel by July 16, 2018, "in exchange for Coastal's agreement to pay Colonna's . . . the [initial] sum of the $725,000 . . . for the [e]xtra [w]ork, with each party reserving its respective rights as to the remaining sum not included in the Initial Payment for the Extra Work." Id. ¶ 26. Amendment No. 1 further provided that the parties would "work cooperatively to

---

[1] The Court recognizes that there is a dispute as to whether this agreement was a "settlement" or an "amendment" to the original contract. The Court does not reach the merits of this dispute, however. Rather, it only acknowledges that the parties seemingly agreed to the remaining balance due on the completed and remaining repairs.

2

reach an agreement" on the remaining amount owed, which was to be memorialized in writing no later than August 15, 2022. Id. ¶ 28; see ECF No. 1-4. On July 22, 2022, the parties executed a Change Order memorializing a new agreement that the remaining amount to be paid by Coastal was $374,105.00.[2] Id. ¶ 30.

Since then, however, Coastal allegedly failed to adhere to the modified payment schedule, leaving multiple invoices unpaid. As a result, Colonna's filed a complaint in this Court asserting two causes of action. ECF No. 1. On November 7, 2022, Coastal filed its partial motion to dismiss the second count of the Complaint. ECF No. 23. Colonna's filed a brief in opposition, ECF No. 27, and Coastal filed a reply brief, ECF No. 30. Accordingly, this matter is ripe for consideration.[3]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a cause of action based on the plaintiff's failure to

---

[2] According to the Complaint, the Change Order incorporated the terms of the Initial Agreement and Amendment No. 1.

[3] Following the filing of the Complaint, both parties agreed that Colonna's gained the right to assert a maritime lien over the Vessel and to seek arrest of the Vessel in order to secure its claim. See Fed. R. Civ. P., Supp. Admiralty R. C. In an effort to prevent such arrest, Coastal offered to file a surety bond in the amount of $3,400,000 as security for the damages sought by Colonna's in its complaint. ECF No. 9, at 3. Upon Colonna's rejection of such offer, Coastal filed a motion for a temporary restraining order in this Court. ECF No. 7. The Court denied Coastal's motion, finding it was not the appropriate court to resolve the arrest dispute since the Vessel was no longer located within the Eastern District of Virginia. ECF No. 26.

"state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Moreover, neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," nor "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" suffice to meet the plausibility requirement. Id. (citing Twombly, 550 U.S. at 555).

Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION[4]

The Complaint asserts two claims: (1) a first cause of action claiming a breach of contract; and (2) an alternatively pled second cause of action alleging unjust enrichment. In its partial motion to dismiss, Coastal urges the Court to dismiss the second cause of action as improperly pled "[b]ecause unjust enrichment claims are only appropriate in the absence of an enforceable contract, and neither party here challenges the validity or enforceability of the

---

[4] As a threshold matter, it is important to note that the parties agree that Virginia law governs the resolution of Coastal's 12(b)(6) motion. Although the parties reach such conclusion through varied analysis, it is undisputed that Virginia law governs whether Colonna's is permitted to plead unjust enrichment in the alternative to a breach of contract claim. See ECF No. 27, at 8; see also ECF No. 30, at 4-5.

5

Agreement." ECF No. 24, at 5. In opposition, Colonna's argues, among other things: (1) that courts applying Virginia law have consistently held that the Federal Rules of Civil Procedure permit parties to alternatively plead equitable relief; (2) that in circumstances where the scope of an agreement is in dispute, alternative pleadings are especially warranted; and (3) that an unjust enrichment claim should not be dismissed prior to a court fully interpreting the scope and validity of an alleged agreement. ECF No. 27, at 9-17.

Under Virginia law, unjust enrichment is an implied contract action based on principles of equity. Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd., No. 3:15cv72, 2015 WL 4937461, at *4 (E.D. Va. Aug. 18, 2015). "To avoid unjust enrichment, equity will effect a 'contract implied in law,' requiring one who accepts and receives the services of another to make reasonable compensation for those services." Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc., 255 Va. 108, 114 (1998). As a result, "a condition precedent to the assertion of such a claim is that no express contract exists between the parties." Butts v. Weltman, Weinberg & Reis Co., LPA, No. 1:13cv1026, 2013 WL 6039040, at *3 (E.D. Va. Nov. 14, 2013). Accordingly, under well-established Virginia law, a plaintiff cannot simultaneously recover in contract and in equity since "an express contract defining the rights of the parties necessarily precludes the existence of an implied contract

6

of a different nature concerning the same subject matter." S. Biscuit Co. v. Lloyd, 174 Va. 299, 311 (1940); see also Ciliv v. UXB Int'l, Inc., No. 7:12cv290, 2012 WL 5245323, at *2 (W.D. Va. Oct. 12, 2012) ("[T]here can be no recovery in quantum meruit where a valid express contract between the parties exists. Parties to an express contract are entitled to have their rights and duties adjudicated exclusively by its terms.").

Virginia's long-standing prohibition on dual recovery does not preclude a plaintiff from pleading equitable theories of relief as alternatives to contract recovery, however. Rule 8 of the Federal Rules of Civil Procedure specifically contemplates alternative pleading, stating:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. P. 8(d)(2). Rule 8 further permits a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As a result, a plaintiff "need not elect and plead a single theory on which to seek recovery." Virginia Elec. & Power Co. v. Broe Growth Capital LLC, No. 3:07cv224, 2007 WL 2071726, at *2 (E.D. Va. July 17, 2007).

While it is generally true that a plaintiff may allege alternative claims for breach of contract and unjust enrichment despite the legal impossibility of recovery under both, a plaintiff

7

may plead these claims in the alternative only in the absence of an enforceable contract. McPike v. Zero-Gravity Holdings, Inc., 280 F. Supp. 3d 800, 810 (E.D. Va. 2017) (finding that although "it makes perfect sense for a plaintiff to plead quasi-contractual claims in the alternative when the applicability or enforceability of the contract is in dispute, the rationale for alternative pleading disappears when neither party contests the applicability or validity of the contract"); see also JTH Tax, LLC v. Shahabuddin, 477 F. Supp. 3d 477, 482 (E.D. Va. 2020) (dismissing the plaintiff's unjust enrichment claim finding that such claims are only appropriate in the absence of an enforceable contract); Brainchild Surgical Devices, LLC v. CPA Glob. Ltd., No. 1:21cv554, 2022 WL 992734, at *4-5 (E.D. Va. Mar. 31, 2022) (same); Amazon.com, Inc. v. WDC Holdings LLC, No. 1:20cv484, 2023 WL 2815140, *18 (E.D. Va. Apr. 6, 2023) (same); Fitzsimmons, 2015 WL 4937461, at *4 ("[I]f an express contract governs the scope of the benefits claimed, then the equitable remedy of [unjust enrichment] will not lie."); Weiler v. Arrowpoint Corp., No. 1:10cv157, 2010 WL 1946317, at *9 (E.D. Va. May 11, 2010) ("Quantum meruit and unjust enrichment claims are only appropriate in the absence of an enforceable contract").

Here, notwithstanding Plaintiff's argument to the contrary, there are no factual allegations in the Complaint plausibly supporting the invalidity of the initial Agreement, Amendment No. 1, or the Change Order. In fact, the parties' briefing reveals

that neither party disputes the validity of these contractual documents. Notably, the primary theme of Colonna's Complaint is that there was, in fact, a valid contract between the parties and that Coastal breached that contract by failing to pay for the services it received. Coastal, in its motion, also do not indicate any intention of challenging the validity of those agreements. Although Colonna's correctly states that "Coastal disputes the scope of the work performed under the terms of the parties' Agreement," Colonna's appears to misinterpret such dispute as a denial of the Agreement's efficacy. But as Coastal states, "[t]here is simply no disagreement about what the Agreement requires the Parties to do, only a dispute about what Colonna's has done thus far and what, if anything, is owed by Coastal." ECF No. 30, at 10. Accordingly, the substantial weight of federal case law applying Virginia law demonstrates that the unjust enrichment claim must be dismissed in light of the express contract between the parties and Colonna's failure to offer well-pled facts supporting an alternative cause of action based on an implied contract.

The cases cited by Colonna's, in its opposition, do not alter this Court's analysis. Notably, Plaintiff relies on Mendoza v. Cederquist, No. 1:09cv163, 2009 WL 1254669 (E.D. Va. May 6, 2009) and Ford v. Torres, No. 1:08cv1153, 2009 WL 537563 (E.D. Va. Mar. 3, 2009) in support of its proposition that pleading in the alternative is warranted when there is a dispute regarding the existence or

scope of an agreement between two parties. ECF No. 27, at 12. However, as discussed below, the facts of those cases are different from the facts before this Court as, among other things, the contractual rights at issue here are expressly addressed in the written Agreement, Amendment No. 1, and the Change Order.

In Mendoza, the district court found it "particularly appropriate" to allow alternative pleading since any "contractual rights were established through a combination of oral and written agreements" and "neither of the alleged written agreements . . . [were] signed by both parties or contained an integration clause." Mendoza, 2009 WL 1254669, at *3. In other words, because the "fact pattern suggest[ed] the possibility that the parties may disagree as to both the existence and the scope of the contract," the Mendoza court found alternative pleading to be appropriate. Id. Relatedly, in Ford, the district court denied a motion to dismiss the plaintiff's quantum meruit claim because it was unclear whether the alleged contract governed the "post-termination hires" that were at issue. The Ford court noted, however, that "if [the Agreement] cover[ed] the events complained of in [the Complaint], then an equitable, quasi-contract remedy will not be available." Ford, 2009 WL 537563, at *5. In contrast, here: (1) the Agreement at issue is an express, written contract, with subsequent written amendments; and (2) Colonna's has not provided any alternative facts which tend to show "the existence of an implied contract of

10

a different nature." Colonna's Shipyard, Inc. v. United States, No. 2:14cv331, 2015 WL 9008222, at *20 (E.D. Va. Dec. 14, 2015).

The other decisions Plaintiff cites similarly do not alter the Court's decision. In each of the cases cited by Colonna's, the district court analyzed a related, but different, question from the one that is before this Court. In Butts v. Weltman, Weinberg & Reis Co., LPA, and in Santova Logistics, Ltd. v. Castello 1935, Inc., the district courts analyzed whether Virginia law bars an unjust enrichment claim where it does not "appear that the Plaintiff and Defendant [were] both parties" to the contract(s) in dispute. Santova, No. 6:12cv7, 2012 WL 4408733, at *4 (W.D. Va. June 19, 2012); see Butts, No. 1:13cv1026, 2013 WL 6039040, at *3 (E.D. Va. Nov. 14, 2013). Moreover, in In Re: Loudoun Country Day Sch. v. Ridenour, a Virginia Circuit Court determined that dismissal at the demurrer stage "is too early to determine whether there is an adequate remedy at law that would preclude quantum meruit recovery," where the "Defendant denies that he agreed to the terms" of the alleged contract. Loudoun, 107 Va. Cir. 92, 2021 WL 6550464, at *3 (Loudoun Cnty., 2021) (emphasis added) (citations omitted) (cleaned up).

Unlike in Butts and Santova, here, the Court need not address the issue of whether nonparties to a contract are precluded from alternatively pleading unjust enrichment since both Coastal and Colonna's were parties to the original Agreement, as well as all

11

subsequent amendments. Moreover, unlike in <u>Loudoun Country Day Sch.</u>, Coastal expressly represents that it does not dispute the validity of the Agreement, nor does it deny that it agreed to all subsequent written amendments.

In addition to the above analysis, the Court finds it particularly relevant that Colonna's unjust enrichment claim lacks any alternative facts to support the <u>nonexistence</u> of a valid contract, such as allegations of fraud, or allegations that Coastal voiced any disagreement with the validity of the written contract or the scope of the contract's terms before suit was filed. It bears repeating that "where there is an express contract, but the validity of the contract is challenged, a plaintiff may plead quantum merit and unjust enrichment claims as alternative claims of liability." <u>Weiler v. Arrowpoint Corp.</u>, 2010 WL 1946317, at *9 (emphasis added). As discussed above, Coastal, in its briefing, explicitly states that it does not intend to dispute the validity of the Agreement and its amendments. Coastal further concedes that if "unforeseen facts develop" that could support a challenge to the "existence of a valid contract for some or all of the dispute at hand," Colonna's "would not be without recourse," ECF No. 30, at 9 n.3, admitting that Colonna's "may seek to amend the complaint accordingly." <u>Id.</u> (citing <u>Weiler</u>, 2010 WL 1946317, at *9). Although Colonna's does not request leave to amend its Complaint at this time, the Court agrees that such remedy is likely available

12

if "unforeseen facts" lead to a future challenge to the Agreement. Nevertheless, the Court finds that dismissal of Colonna's unjust enrichment claim is appropriate <u>at this time</u> since: (1) there are no "factual allegations plausibly supporting the invalidity of the contract,"[5] and (2) Coastal represents that it does "not intend to challenge the validity of [the contract]." <u>Weiler</u>, 2010 WL 1946317, at *9.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Coastal's motion to dismiss Count Two of the Complaint. ECF No. 23.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 9, 2023

---

[5] Although Colonna's suggests that it may elect to allege fraud prior to the resolution of this matter, Colonna's has not pled such allegations in its Complaint. ECF No. 27, at 3 n.5. Because a motion to dismiss tests <u>only</u> the sufficiency of a complaint, this Court may not, and therefore, did not consider Colonna's statement when reaching its conclusion.